1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EDWARD JAMES SERVIN,                    No.  2:15-cv-779-JAM-EFB P

12                 Petitioner,

13        v.                                 FINDINGS AND RECOMMENDATIONS

14   D.B. LONG,[1]

15                 Respondent.

16

17          Petitioner is a state prisoner proceeding without counsel in an action brought under 28

18   U.S.C. § 2254.  Respondent moves to dismiss the petition on the grounds that the claims therein

19   have not been properly exhausted, are procedurally defaulted, or are outside the jurisdiction of

20   this court.  ECF No. 12.  For the reasons that follow, the four claims have been procedurally

21   defaulted and that the fifth fails to state a federal habeas claim.  Accordingly, it is recommended

22   that the motion to dismiss be granted.

23   **I.      Background**

24          Petitioner challenges a prison disciplinary action taken against him in 2013 for possession

25   of a cell phone.  ECF No. 1 at 3.  He previously sought habeas relief in the California Supreme

26   Court, the California Court of Appeals, and the Sacramento County Superior Court.  ECF Nos.

27   _____

28   [1] The court substitutes the warden of petitioner's current institution of incarceration pursuant to
     Rule 2(a) of the Rules Governing Habeas Corpus Cases Under § 2254.

                                          1

1    12-3, 12-4, 12-5, & 12-6.  The two appellate courts denied the petitions summarily, while the

2    superior court provided a reasoned opinion.  ECF No. 1 at 26-30.  In that opinion, the court found

3    that petitioner had failed to administratively exhaust four of the five asserted grounds for relief, in

4    contravention of California law.  ECF No. 1 at 27-28.  The court rejected the fifth ground on the

5    merits.  *Id.* at 28-29.

6        **II.      The Motion to Dismiss**

7            Respondent first argues that petitioner has not exhausted the same four claims in the

8    petition that the superior court found had not been administratively exhausted and that those

9    portions of the petition must therefore be dismissed.

10           A petitioner who is in state custody and wishes to challenge his conviction in federal court

11   through a petition for writ of habeas corpus must first exhaust state judicial remedies.  28 U.S.C.

12   § 2254(b)(1).  The exhaustion doctrine is designed to afford comity to state courts by giving them

13   the first opportunity to correct the state's allegedly unconstitutional conduct.  *Coleman v.*

14   *Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*,

15   854 F.2d 1158, 1163 (9th Cir. 1988).

16           A petitioner can satisfy the exhaustion requirement by providing the highest state court

17   with a full and fair opportunity to consider each claim before presenting it to the federal court.

18   *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971);

19   *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest

20   state court was given a full and fair opportunity to hear a claim if the petitioner has presented the

21   highest state court with the claim's factual and legal bases.  *Duncan*, 513 U.S. at 365; *Keeney v.*

22   *Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

23           Here, petitioner asserted all the claims raised in the federal petition in his petition to the

24   California Supreme Court.  Respondent argues that, because four of the claims were procedurally

25   barred under state law due to petitioner's failure to administratively exhaust them, petitioner

26   cannot be considered to have presented the claims fairly.  Respondent has not provided the court

27   with any case in which a federal court has concluded that to fairly present a habeas claim to a

28   state court the claim must not be procedurally barred by California's rule requiring pre-suit

2

1    administrative exhaustion.  Absent authority, the undersigned rejects respondent's argument that

2    petitioner did not fairly present his claims to the California Supreme Court.

3          Respondent's argument that the same four claims are procedurally defaulted fares better.

4    As a general rule, "[a] federal habeas court will not review a claim rejected by a state court 'if the

5    decision of [the state] court rests on a state law ground that is independent of the federal question

6    and adequate to support the judgment.'"  *Walker v. Martin*, 562 U.S. 307, 315 (2011) (quoting

7    *Beard v. Kindler*, 558 U.S. 53, 55 (2009)).  The state-law ground may be substantive (i.e., going

8    to the merits of the claim) or it may be procedural (i.e., barring consideration of the merits).  *Id.*

9    In order for a state procedural rule to be found independent, the state law basis for the decision

10   must not be interwoven with federal law.  *Cooper v. Neven*, 641 F.3d 322, 332 (9th Cir. 2011);

11   *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).  To be deemed adequate, the rule must be

12   well established and consistently applied.  *Walker*, 562 U.S. at 315; *James v. Schriro*, 659 F.3d

13   855, 878 (9th Cir. 2011).  Even if the state rule is independent and adequate, a procedurally-

14   defaulted claim may be reviewed by the federal court if the petitioner can show: (1) cause for the

15   default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to

16   consider the claims will result in a fundamental miscarriage of justice.  *Edwards v. Carpenter*,

17   529 U.S. 446, 451 (2000).

18         In its denial of petitioner's habeas petition, the superior court cited to *In re Dexter*, which

19   stands for the proposition that an inmate must exhaust administrative remedies prior to seeking

20   judicial review.  ECF No. 1 at 27-28 (relying on, inter alia, *In re Dexter*, 25 Cal.3d 921, 925

21   (1979)).  California's rule requiring inmates to exhaust administrative remedies is independent of

22   federal law.  *See Dexter*, 25 Cal.3d at 925 (relying solely on state authority and the availability of

23   an administrative process); Cal. Code Regs. tit. 15, § 3084.1(a) ("Any inmate . . . may appeal any

24   policy, decision, action, condition, or omission by the department or its staff that the inmate or

25   parolee can demonstrate as having a material adverse effect upon his or her health, safety, or

26   welfare.").  Furthermore, California's exhaustion requirement is adequate as it is firmly

27   established and regularly applied.  *Albelleria v. District Court of Appeal*, 17 Cal. 2d 280, 292

28   (1941) ("[T]he rule is that where an administrative remedy is provided by statute, relief must be

3

1    sought from the administrative body and this remedy exhausted before the courts will act."); *In re*

2    *Serna*, 76 Cal. App. 3d 1010, 1014 (1978) ("The well established doctrine of exhaustion of

3    administrative remedies applies to grievances lodged by prisoners); *In re Muszalski*, 52 Cal. App.

4    3d 500, 503 (1975) ("It is well settled as a general proposition that a litigant will not be afforded

5    relief in the courts unless and until he has exhausted available administrative remedies.").  The

6    superior court denied four of petitioner's habeas claims failure to exhaust administrative

7    remedies.  Because this is an adequate and independent state law ground for denying him relief,

8    this court may not reach the merits of petitioner's claims absent some exception to the general

9    rule.  No such exception has been established here.

10          Petitioner does not provide any facts showing cause or prejudice, nor does he allege that

11   failure to hear his claims will result in a miscarriage of justice.  Rather, petitioner argues simply

12   that this court may reach the merits of his claims because the state court erred in concluding that

13   he failed to exhaust his administrative remedies.  According to petitioner, the administrative

14   appeal form lacked sufficient space for him to include all of his claims and thus the state court

15   should have excused his failure to do so.  Unfortunately for petitioner, the issue of administrative

16   exhaustion was for the state court to decide.  *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999)

17   ("Federal habeas courts lack jurisdiction . . . to review state court applications of state procedural

18   rules.").  Absent any indication that the state court's application of the rule in this case was

19   "clearly untenable" and a "subterfuge to avoid federal review of a deprivation" of constitutional

20   rights (*see Lopez v. Schriro*, 491 F.3d 1029, 1043 (9th Cir. 2007)), this court lacks authority to

21   review the state court's decision on exhaustion.  There is no indication of such lawless conduct by

22   the state court here.[2]

23   /////

24   /////

25

26          [2] The court has reviewed petitioner's administrative appeal, and it is by no means clear
     that petitioner could not have included all issues within the space provided by the form, or by
27   attaching another form, or by pursuing different issues in different appeals.  Certainly, the state
     court's conclusion that petitioner failed to provide facts from which the court might excuse his
28   failure to exhaust (ECF No. 12-4 at 45) was not untenable.

1    The superior court denied four of petitioner's habeas claims for failure to exhaust

2    administrative remedies.  Because this is an independent and adequate state procedural ground for

3    denying the claims, this court is barred from considering their merits.

4    As to petitioner's remaining claim, the court agrees with respondent that the claim lies

5    outside this court's jurisdiction.  The claim is that correctional officers failed to collect and

6    preserve evidence connected with the disciplinary action in accordance with a prison policy.

7    Beyond a cursory reference to "due process of law," petitioner does not allege that failure to

8    follow the policy violated the federal Constitution or any federal law.  ECF No. 1 at 5; *see*

9    *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (a habeas petitioner may not "transform a

10   state-law issue into a federal one merely by asserting a violation of due process.").  The substance

11   of petitioner's claim is entirely that the policy was not followed, and his statement of the claim

12   contains no argument that the failure to follow the policy deprived plaintiff of a federally-

13   protected right.  ECF No. 1 at 5 and 14-17.  Federal habeas corpus relief is unavailable to correct

14   violations of state law.  *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).  Accordingly, plaintiff's

15   remaining claim must also be dismissed.

16   **III.     Conclusion and Recommendation**

17   For the foregoing reasons, it is hereby RECOMMENDED that respondent's July 7, 2015

18   motion to dismiss (ECF No. 12) be granted and that the petition be dismissed.

19   These findings and recommendations are submitted to the United States District Judge

20   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

21   after being served with these findings and recommendations, any party may file written

22   objections with the court and serve a copy on all parties.  Such a document should be captioned

23   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

24   shall be served and filed within fourteen days after service of the objections.  Failure to file

25   objections within the specified time may waive the right to appeal the District Court's order.

26   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

27   1991).  In his objections petitioner may address whether a certificate of appealability should issue

28   in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section

1    2254 Cases (the district court must issue or deny a certificate of appealability when it enters a

2    final order adverse to the applicant).

3    DATED:  January 11, 2016.

4                                                    EDMUND F. BRENNAN
                                                     UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28